# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL E. MILLER**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:08CV00600 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Michael E. Miller, Pro Se Petitioner*.

Petitioner, a federal inmate proceeding pro se, has filed a pleading which he styles as a "civil action" seeking "a writ of mandamus, habeas corpus, a writ of coram nobis or other relief." Within days, he supplemented this pleading with another long narrative document, which I have considered as an amendment to the original petition. Petitioner primarily complains about the execution of his current term of confinement, specifically the fact that Bureau of Prison ("BOP") staff have not yet evaluated him for possible pre-release community corrections or home confinement and his projected release date is in April 2009. Accordingly, the court construed and filed his submission as a Petition for a Writ of Habeas Corpus, pursuant to 28

U.S.C.A. § 2241 (West 2006).[1] Upon review of the motion and court records, I find that the § 2241 petition must be dismissed for lack of jurisdiction.

I

Court records indicate that petitioner was most recently before the court on a charge that he had violated the terms of his supervised release ("SR"). I found that SR should be revoked and sentenced Miller to serve eight months in prison. *United States v. Miller*, Case No.1:98-cr-00004 (W.D. Va. Sept. 22, 2008). Miller filed a pro se notice of appeal, and that appeal is still pending.

Miller submitted his initial pleading in this case on November 21, 2008. He complains that after sentencing, he was first sent to a federal prison in Henderson, Kentucky, and then to a prison in Oklahoma. When he filed the pleading, he had just learned that he was designated for incarceration at a United States penitentiary.

---

[1] I find no need to address Miller's alternative causes of action. Although Miller mentions mandamus and coram nobis, he makes absolutely no argument on which he would be entitled to relief under either of these extraordinary remedies. Moreover, his request for relief (evaluation for release to a half-way house) is a sentence execution claim and is appropriately raised in a § 2241 petition. This fact bars consideration of his claims under any other writ. *See, e.g., Carlisle v. United States*, 517 U.S. 416, 429 (1996) (finding that the All Writs Act is "a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); *In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001) (finding that mandamus not appropriate if other adequate means exist to obtain desired relief).

II

Section 2241 authorizes the Supreme Court, its justices, the district courts and any circuit judge, to grant writs of habeas corpus "within their respective jurisdictions" upon a finding that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." Any challenge to the Bureau of Prisons' implementation of a sentence may be raised in a § 2241 petition after exhaustion of administrative remedies. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *Randall v. Whelan*, 938 F.2d 522, 524 n.2 (4th Cir. 1991).

Miller's primary concern is the BOP's failure to consider him promptly for community confinement so that he could spend the last six months of his term in such confinement instead of in prison. This type of claim concerns not the legality of the sentence as imposed, but rather, the execution of the sentence.[2]

---

[2] In his supplemental pleading, Miller goes into detail about the troubles that he had complying with SR conditions that he considered to be unfair, given his financial situation and location. He asserts that when he came before the court for the SR revocation hearing, he was not properly medicated and was confused as to what was happening. He does not allege facts demonstrating, however, why he could not have made this fact and his other troubles known to the court during the hearing, so that such factors could be taken into consideration in making the revocation decision and sentence calculations.

Claims regarding the legality of the revocation sentence as imposed would be properly raised in a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006), filed after completion of the direct appeal. However, as stated, Miller's primary concern is not the length of the sentence, but rather, his belief that he should be serving the last six months of his term in community corrections or home confinement. As these are sentence execution issues, I will address Miller's claim as arising under § 2241.

Court records and the BOP inmate locator indicate, however, that Miller is now incarcerated at USP Hazelton in Bruceton Mills, West Virginia. Clearly, this institution is not located within the territorial jurisdiction of this court. Moreover, although Miller alleges that he has written lots of letters, he does not indicate that he has pursued the administrative remedy procedures available within the BOP to challenge the BOP's administration of one's sentence. Until he can demonstrate that he has exhausted administrative remedies, his claims will not be reviewable by any district court. Accordingly, rather than transferring his petition to a district court in West Virginia, I will dismiss it without prejudice.

Finally, Miller raises numerous concerns about the trouble he has had receiving his mental health medication while in various institutions. These problems are not relevant to his request for relief under § 2241. If officials' conduct amounted to deliberate indifference to Miller's serious medical needs, it might present a constitutional claim actionable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Such a civil rights action, however, could only be brought after the inmate had fully exhausted administrative remedies concerning the denial of medication. Moreover, such an action under *Bivens* would be appropriately pursued in the jurisdiction where the alleged violations occurred or the alleged defendants reside. *See* 28 U.S.C.A. § 1391(b) (West 2006). Miller would

-4-

also have to agree to pay the filing fee as necessary for a prisoner to bring a civil action in federal court. At any rate, because the issues concerning Miller's medical care are not properly before this court in this action, I will not address them further.

III

In conclusion, for the stated reasons and based on the nature of Miller's claims and requests for relief in his petition as supplemented, I construe and dismiss the action without prejudice as one arising under § 2241. A separate Final Order will be entered herewith.[3]

ENTER: December 19, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[3] In a recent letter, Miller asks the court to direct the BOP to place him on home confinement at this time, but the court has no authority to issue such an order.